UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY T. RAWLS,

    Petitioner,

v.                                          Case No.  8:15-cv-61-T-33TGW

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____

## ORDER

THIS CAUSE is before the Court on pro se Petitioner Terry T. Rawls' 28 U.S.C. § 2254 petition for writ of habeas corpus. Rawls challenges his 1991 convictions and sentences entered by the Tenth Judicial Circuit Court, Hardee County, Florida, in Case No. CF90-0236.

Respondent moves to dismiss the petition as time-barred. (Doc. 4).  A review of the record demonstrates that the petition is time-barred, and that Respondent's motion to dismiss must be granted.

### PROCEDURAL HISTORY

### Conviction, Sentence, and Direct Appeal

On April 2, 1991, Rawls entered a plea of no contest to one count of sexual battery and one count of burglary with intent to commit an assault in Hardee County Case No. CF90-0236. (Ex. 1). On May 7, 1991, Rawls was sentenced to life in prison on the sexual battery and a concurrent five years on the burglary. (Ex. 2).

Rawls pursued a direct appeal and, on April 15, 1992, the state district court of appeal (Judges Campbell, Schoonover, and Hall) affirmed the judgment and sentence. (Ex.

3). *See also Rawls v. State*, 596 So. 2d 1255 (Fla. 2d DCA 1992) (table). The Florida Supreme Court denied review on July 20, 1992. (Ex. 4). *See also Rawls v. State*, 602 So. 2d 942 (Fla. 1992) (table).

## Collateral Proceedings

### First Motion for Post-sentencing DNA Testing

On or about October 19, 2001, Rawls filed a motion for post-sentencing DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. The state trial court denied the motion on March 26, 2002. (Ex. 5). Rawls did not appeal the denial of the motion.

### Motion for Postconviction Relief

On November 19, 2004, Rawls filed a Rule 3.850 motion for postconviction relief. The state trial court dismissed the motion on December 14, 2004. (Ex. 6). Rawls did not appeal.

### Second Motion for Postconviction DNA Testing

On July 15, 2010, petitioner filed a second motion for postconviction DNA testing. (Ex. 7). The state trial court denied the motion on July 21, 2010. (Ex. 8). Rawls appealed and, on March 25, 2011, the state district court of appeal reversed and remanded for further proceedings. (Ex. 9). *See also Rawls v. State*, 56 So. 3d 920 (Fla. 2d DCA 2011).

On remand, the state trial court entered an order, on May 6, 2011, granting an evidentiary hearing on Rawls' motion for postconviction DNA testing. (Ex. 10). An evidentiary hearing was held on October 4, 2011. (Ex. 6). On June 24, 2011, prior to the evidentiary hearing, Rawls filed a "petition to be released from prison" in which he admitted his guilt. (Ex. 11). On October 20, 2011, the state trial court denied Rawls' motion for postconviction DNA testing. (Ex. 12). The state trial court's order reveals that, at the

October 4, 2011, hearing, the State submitted a 1991 Florida Department of Law Enforcement report indicating that Rawls' DNA matched DNA found on the victim's nightgown. In addition, the order indicates that the state trial court asked Rawls whether he wished further testing of the evidence and Rawls stated that he did not want further testing. Rawls did not timely appeal the state trial court's October 20, 2011 order.

### Petition for Belated Appeal

On April 29, 2013, Rawls filed a petition for belated appeal in the state district court of appeal. (Ex. 13). The petition was denied without prejudice on June 3, 2013. (Ex. 14). Rawls sought review in the Florida Supreme Court and that court dismissed the case for lack of jurisdiction on July 23, 2013. (Ex. 15).

### The Present Petition

The present federal petition, signed and constructively filed on December 25, 2014, is untimely.

### DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for a one-year time limit for filing a § 2254 federal habeas petition running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C.A. § 2244(d)(1). However, the "time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. §2244(d)(2).

Rawls makes no claim that § 2244(d)(1)(B) or (C) apply to the present petition. Under§ 2244(d)(1)(A) or (D), the petition is untimely.

## CONCLUSION

Rawls' convictions and sentences became final in 1992 when the Florida Supreme Court denied review after the affirmance on direct appeal. Because Rawls' convictions became final prior to April 24, 1996, the effective date of the AEDPA, Rawls had a one-year grace period until April 23, 1997 to file a timely federal petition. *See Wilcox v. Florida Dep't of Corrs.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (citing *Goodman v. U.S.*, 151 F.3d 1335 (11th Cir. 1998)). Rawls did not have any collateral motions or petitions pending in state court during the grace period. Thus, his current petition, dated December 25, 2014, is untimely under section 2244(d)(1)(A).

However, because Rawls may be attempting to raise claims relating to the denial of his motion for postconviction DNA testing, section § 2244(d)(1)(D) may apply and Rawls would have one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" within which to file his federal habeas petition. Rawls would have known the factual predicate of any claim relating to the denial of his motion for postconviction DNA testing by October 20, 2011, the date the motion was denied.

Rawls would have had one year within which to file his federal petition, making the

federal petition due on or before October 20, 2012. Rawls did not file any tolling motions between October 20, 2011 and October 20, 2012 and the time for filing a federal petition expired, at the latest, on October 20, 2012. Thus, the instant petition, signed and constructively filed on December 25, 2014, is untimely under § 2244(d)(1)(D).

Accordingly, the Court orders:

1. That Respondent's motion to dismiss the present petition as untimely (Doc. 4) is granted. Rawls' petition is dismissed. The Clerk is directed to enter judgment against Rawls and to close this case.

2. That, within 30 days of the date of this order, the Court will entertain a motion to reopen this case if Rawls can demonstrate, with record evidence, that his petition is not untimely.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is required to pay the $505.00 appellate filing fee unless the appellate court grants Petitioner in forma pauperis status on appeal.

ORDERED at Tampa, Florida, on February 18, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Terry T. Rawls